By the Court, Cowen, J.
Several grounds are taken for reversing the judgment which need not be noticed; for we are clearly of opinion that the court below erred in refusing to charge that if the collision was wilful on the part of the defendants’ master, they were not liable. Clearly they were not at the common law, nor under the 2 R. S. 456, § 16, 2d ed., which does not alter the effect of the relation between master and servant. (Wright v. Wilcox, 19 Wendell, 343.)
It is supposed, however, that the 1 R. S. 681, 2d ed. Tit. 10, concerning navigation, makes the owner liable to a private action, even for the wilful misconduct of the master. The first nine sections of that act prescribe certain rules of conduct in navigating steam boats within our jurisdiction, imposing (§ 9,) penalties on the master for their violation; and then the 10th section declares that “ The owners of every steam boat shall be deemed responsible for the good conduct of the masters employed by them; and if any penalty incurred by such master cannot be collected of him in due course of law, the same may be recovéred of the owners of the boat, &c. in the same manner as if they were sureties of such master.” The penalties are collectable by the district attorney in a suit by the people. The responsibility imposed on the owners by the 10th section, is evidently an enlargement of their liability no farther than to subject them as sureties for any penalties which may be incurred by their master under the previous section. (Vid. also the 12th section for a like provision as to other penalties.)
But if we stop with the first clause of the 10th section, and read it generally as a declaration of responsibility for the master's good conduct, we have no more than the common law rule. That too holds the owner thus responsible, and is laid down in about the same words, qualified *482 and restricted, however, so as to confine its application to the master’s conduct as master; not his conduct when he goes without the scope of his authority, by committing a wilful trespass or other wrong. He then, quoad hoc, ceases to be the master. The distinction was examined in Wright v. Wilcox, and put on the very point of inquiry which has been here disregarded by the court below.
Judgment reversed.